UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOHN ROBERT BOBINSKI,

        Petitioner,

v.                              Case No. 3:05-cv-132-J-32MCR

JAMES V. CROSBY,
etc.; et al.,

        Respondents.

_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on February 8, 2005.  He challenges a March 23, 2000, state court (St. Johns County) conviction on the following ground: his guilty plea was involuntary because the sentence he negotiated in his plea agreement was based on a statute that was thereafter found to be unconstitutional in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002) (finding the statute violated the single-subject rule of the Florida Constitution).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following subsection:

        (d)(1)  A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Response to Petition (Doc. #9), filed June 1, 2005.

- 2 -

On August 29, 2000, Petitioner's judgment of conviction was affirmed on direct appeal.  See Bobinski v. State, 768 So.2d 462 (Fla. 5th DCA 2000) (unpublished table decision); Ex.[1] B.  Thus, his conviction became final on November 27, 2000 (ninety days after entry of the judgment).  See Supreme Court Rule 13.3;[2] Clay v. United States, 537 U.S. 522 (2003).

On September 10, 2002, 652 days after his conviction became final, Petitioner signed a motion for post-conviction relief, which was filed in state court on September 16, 2002.  Ex. C.  Even assuming that this motion for post-conviction relief was properly filed, it did not toll the federal one-year limitation period because it had already expired.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Thus, this action was not timely filed.

---

[1]  The Court hereinafter refers to the exhibits contained in Respondents' Appendix (Doc. #11), filed June 2, 2005, as "Ex."

[2]  Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

Petitioner appears to be contending that he has shown cause and prejudice to overcome the untimeliness bar or that a fundamental miscarriage of justice would occur if his claim was not considered on the merits. See Reply to Response (Doc. #13), filed July 18, 2005. As noted previously, Petitioner contends that his guilty plea was involuntary because the sentence he negotiated in his plea agreement was based on a statute that was thereafter found to be unconstitutional in Taylor for violating the single-subject rule of the Florida Constitution. The Court notes that the decision in Taylor was disapproved by the Florida Supreme Court in Franklin v. State, 887 So.2d 1063, 1082-83 (Fla. 2004) (finding that the statute did not violate the single-subject clause of the state constitution). Accordingly, the Court does not find Petitioner's argument to be persuasive.

Thus, the Court will dismiss this case with prejudice as untimely since Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him.

Therefore, it is now

**ADJUDGED:**

1.    The Petition is **DISMISSED** with prejudice.

2.    The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

- 4 -

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of September, 2005.


TIMOTHY J. CORRIGAN
United States District Judge


ps 7/21
c:
John Robert Bobinski
Ass't Attorney General Allison Leigh Morris

- 5 -